BEN F. FOREMAN *v.* HOPE INS. CO.

**Appeals—Rule—New Pleading.**

> In the lower court, appellant treated the rule of the chancery court as a petition. No objection to this character of proceeding was made, but filed an answer going to the merits of the case. Held that under the fifth section of Act March 21, 1870, a litigant who had actually appeared in court, and by his conduct induced the chancellor and the opposite party to believe that he intended to waive all formal defects, or omissions, can not be allowed, after he is defeated upon the merits of the controversy, to take advantage of the technical objections for the first time in the appellate court.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH.

April 25, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

From the record presented to us by the appellant, we must presume that he was a resident of Jefferson county at the time proceeding by rule were instituted against him.

He does not plead to the jurisdiction of the Louisville chancery court, nor is there any fact presented by the record which shows that he was a resident of any other than the county of Jefferson at that time. The judgment appealed from can not, therefore, be regarded as void.

In the court below appellant treated the rule of the chancery court as a petition. He made no objection to the character of proceedings resorted to by appellee, but filed an answer going to the merits of the case and willingly submitted the issues raised by his answer to the chancellor for adjudication.

The chancellor did not err in holding that the *onus* was upon appellant to establish by proof his plea of failure or want of consideration for the note, upon which judgment was asked. Littell 206; 6 John J. Marshall 132, 3 B. Monroe 418.

The note itself gave to appellee a *prima facie* right of recovery, and in the absence of all proof the chancellor could not refuse to render judgment thereon.

We are of opinion that appellant can not in this case avail him-

self of the exceptions filed in this court to proceedings had in the court below. The extraordinary privileges conferred upon certain litigants by the fifth section of the act of March 21st. 1870, ought not to be extended to any other than cases coming closely within the spirit of such act. The Legislature certainly did not intend that a party who had actually appeared in court, and by his conduct induced the chancellor and the opposite party to believe that he intended to waive all formal defects, or omissions, should be allowed after he was defeated upon the merits of the controversy, to take advantage of these technical objections for the first time in this court.

There may be some reason why a party proceeded against by rule, who did not appear, should be allowed this right, but there certainly can be none, in a case like this one under consideration, and we will not conclude that the Legislature intended, without good and sufficient reason, to overturn one of the best established rules of practice.

The appellant was in court in person, and might have presented to the chancellor every ground of objection or defense embodied in his exceptions here filed. Having failed to do so, he must be held to have waived each and all of them.

If it be conceded that the act of March 16th, 1869, repealing the charters of the Hope and Globe Insurance Companies be unconstitutional (a matter about which it is not necessary that we should express an opinion), such fact will not avail appellant for a reversal of the judgment from which he has appealed.

If such act be unconstitutional, it may be a good reason why the suit of Stevens vs. The Insurance Company should not be prosecuted, but it is no reason why Stevens owing premium notes to such company should not be compelled to pay them.

If the suit of Stevens had never been instituted, the Louisville chancery court would have had jurisdiction to give judgment against Foreman on the note held by the Insurance Company.

His creditor, the company, is not complaining that the note has been placed in the hands of a receiver for collection, and as it is a party to the suit in which the receiver was appointed and has so far as is shown by the record upon which we are called to act, acquiesced in such appointment, the judgment in favor of the receiver will be a bar to any subsequent action on the note by the company. The liability of Foreman to pay the note does not

depend upon the constitutionality of the act in question, nor upon the propriety or impropriety, of the action of the chancellor in entering the suit of Stevens, or in the appointment of the receiver.

The record before us presents no sufficient reason why the judgment appealed from should be disturbed. It must, therefore, be affirmed.

*Duke & Richards, for appellant.*
*J. G. Wilson, for appellee.*